UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOLMGREN WAY INVESTMENTS, LLC,

        Plaintiff,

  v.                                                    Case No. 11-C-451

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA,

        Defendant.

**DECISION AND ORDER**

        In May 2007, Holmgren Way Investments began construction on a 5765 square foot addition to the existing structure erected on its property located at 2363 Holmgren Way in Green Bay. Soon after construction began, Holmgren Way was notified by another party that it was in breach of their contract and was violating restrictive covenants and easements governing the property. Holmgren Way disagreed and continued building the addition. The other party quickly sued in Brown County Circuit Court, commencing its action on June 19, 2007. In January 2009, the court found for the plaintiffs, concluding that the addition did in fact violate various easements and other restrictions on the real property, including a contractual requirement that the plaintiff pre-approve any proposed buildings on the property. The court ordered Holmgren Way to destroy or remove much of the addition and to pay the plaintiff's attorney's fees. In 2011, after its appeals had been exhausted, the building was eventually removed and moved to a different location.

        Holmgren Way brought this action against its erstwhile insurer, Travelers, arguing that Travelers should indemnify it for its property loss and loss of income resulting from the destruction

of the property in 2011. Holmgren Way insured its property with Travelers from October 19, 2007 through October 19, 2009. Travelers has now moved to dismiss the action. It argues that by the time the property was damaged in 2011, it had been two years since Holmgren Way's coverage had expired. As such, it is under no obligation to indemnify Holmgren Way because it was not an insured at the time the damage occurred.

Holmgren Way concedes that its policy lapsed as of October 2009, but it argues that the relevant event is not the destruction of the property in 2011 but the January 2009 circuit court decision that ordered the destruction of the property in the first place. After all, it was *that* order that precipitated the property's destruction. Because that occurred while Holmgren Way was insured by Travelers, Holmgren Way argues that the loss is covered.

As with any such dispute, the outcome is controlled by the policy language, which was included in the amended complaint. The grant of coverage explains that "We [Travelers] will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." (Am. Compl., ¶ 11.) The policy further provided that "We cover loss or damage you sustain through acts committed or events occurring . . . During the policy period." (Am. Compl., ¶ 16.) Holmgren Way argues that although the damage did not occur until 2011, the "act" or "event"—the circuit court's decision in 2009— *did* occur during the policy period. The fact that the physical damage occurred later is thus irrelevant. The central question is thus whether a judicial decision like the one at issue here can constitute an "act" or "event" giving rise to coverage under these circumstances.

There are a number of problems with Holmgren Way's approach. First, it engages in a highly selective and somewhat idiosyncratic notion of causation; in short, it overemphasizes one

judicial decision and side-steps its own conduct. In Holmgren Way's view, the circuit court's decision was the event that caused the loss, but I find that to be an inaccurate representation of the reality of the situation, almost on par with the convicted criminal who blames the judge for his sentence rather than his own conduct. Courts do not go out into the world and engage in affirmative acts, they decide disputes that are presented to them. They determine what the facts are and declare what legal conclusions result therefrom. Except in rare cases, they are passive arbiters rather than proactive change agents. Their decisions are not so much "acts" or "events" in and of themselves (though some judges treat them that way) as they are reflections and conclusions based upon a pre-existing reality. They do not "cause" results but merely *explain* what the results should be. By way of analogy popularized by Chief Justice Roberts, an umpire does not get credit for a strikeout—the pitcher does. We do not say that a team won because an umpire caused a strike[1], we say that the team won because its pitcher threw a strike.

Here, the Brown County Circuit Court declared that Holmgren Way's own conduct—breaching an agreement and erecting a building in violation of easements and other restrictions—was the act that gave rise to the need to remove the structure. Holmgren Way cannot have been surprised by the result, or even by the litigation itself. After all, it had been warned early in the process, before it even purchased its insurance from Travelers, that it was violating its agreement with another party, yet it went forward with the addition anyway. In fact, the trial court noted that it was *uncontested* that a "substantial portion" of the addition violated the easements and covenants. (Def. Br., Ex. A at 3.) When someone acts in clear and knowing violation of another's

---

[1] Unless the call was clearly blown.

3

contractual rights, he cannot be heard to assert that it was the court that caused his loss. As such, the key causative "event" was not the court's order, which merely applied the law to existing facts, but Holmgren Way's decision to build the addition in violation of contracts and other restrictions that it had negotiated itself. In essence, Holmgren Way engineered its own loss, and the court merely confirmed the rights of the parties. Looked at in that way, which in my view is a more accurate portrayal of the reality of the situation, the court order of 2009 was not so much an "event" in its own right but a decision based on other events that had already occurred before Traveler's policy became effective. Those prior events are what resulted in the loss.

Holmgren Way also errs by relying on an incomplete picture of the state court system. Litigation of any magnitude is seldom complete at the trial court level. It is only when the decision has been affirmed on appeal that many cases can be deemed final enough to require action. Thus, a trial court's decision is often only part of a process that does not end until the appeals are exhausted. Here, the case was affirmed on appeal in 2010, after the Travelers policy period ended. *Realty Investments, LLC v. Ash Park, LLC,* 2010 WI App 145, 330 Wis.2d 96, 791 N.W.2d 404 (Wis. Ct. App. 2010). Holmgren Way concedes that its liability was "contested" during the entire period between the filing of the circuit court action and the supreme court's denial of the petition for review in 2011. (Pltf. Br. at 14.) Notably, it did not actually demolish or move the offending building until the appeals were exhausted. Thus, even if we were to accept the premise that judicial decisions could be "events" or "acts" that cause damage, there would be little reason to focus solely on the decision of the *lowest* court to hear the dispute. Had the trial court been reversed, there would have been no damage. If Holmgren Way actually viewed the trial court's decision as dispositive, it would have acted on it right away rather than waiting two years. This problem merely

demonstrates the inadvisability of using a judicial decision as a damage-causing "act" or "event" under these circumstances.

In sum, it should not be a controversial principle to say that when a party builds a structure in violation of contract and other restrictions, his own activity is what gives rise to the loss rather than the decision of a court that merely upholds the rights of the aggrieved party. The Plaintiff has not identified any persuasive precedent holding that a judicial decision can constitute an event or act under the circumstances we have here. Plaintiff has also failed to suggest any other event or act that occurred within the policy period that could give rise to coverage. Accordingly, I conclude that the loss is not covered. The motion to dismiss will therefore be **GRANTED**. The Clerk is directed to enter judgment in favor of Travelers and against Holmgren Way dismissing the action with prejudice.

**SO ORDERED** this   22nd   day of May, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
